NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000039
12-DEC-2019
08:07 AM

NO. CAAP-19-0000039

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF CTG-K, A Minor

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-J NO. 0037211 (Report No. C12023339/SK)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Upon review of this appeal filed by Plaintiff-Appellant State of Hawaiʻi (State), from the Honorable Mahilani E.K. Hiatt's December 17, 2018 order dismissing with prejudice the State's petition in family court case number FC-J 0037211, it appears that we lack appellate jurisdiction because the procedural requirements for appeal pursuant to HRS § 571-54 were not met.

On March 2, 2017, the State filed a petition under HRS § 571-11(1) alleging that CTG-K violated a criminal statute. On October 23, 2018, CTG-K filed a motion to dismiss the petition with prejudice for violations of due process. Subsequent to a hearing on the said motion, the family court entered the December 17, 2018 order dismissing with prejudice the State's petition. The State did not file a motion for reconsideration, and as such, no hearing on the said motion was had, and no findings of fact and conclusions of law related to reconsideration were entered by the family court.

HRS § 571-54 (2018) states, in pertinent part:

An order or decree entered in a proceeding based upon section 571-11(1), (2), or (6) shall be subject to appeal only as follows:

Within twenty days from the date of the entry of any such order or decree, any party directly affected thereby may file a motion for a reconsideration of the facts involved. The motion and any supporting affidavit shall set forth the grounds on which a reconsideration is requested and shall be sworn to by the movant or the movant's representative. The judge shall hold a hearing on the motion, affording to all parties concerned the full right of representation by counsel and presentation of relevant evidence. The findings of the judge upon the hearing of the motion and the judge's determination and disposition of the case thereafter, and any decision, judgment, order, or decree affecting the child and entered as a result of the hearing on the motion, shall be set forth in writing and signed by the judge. Any party aggrieved by any such findings, judgment, order, or decree shall have the right to appeal therefrom to the intermediate appellate court, upon the same terms and conditions as in other cases in the circuit court, and review shall be governed by chapter 602; provided that no such motion for reconsideration shall operate as a stay of any such findings, judgment, order, or decree unless the judge of the family court so orders; and provided further that no informality or technical irregularity in the proceedings prior to the hearing on the motion for reconsideration shall constitute grounds for the reversal of any such findings, judgment, order, or decree by the appellate court.

"HRS § 571-54 and the case law interpreting the statute make clear that a party wishing to perfect the right to appeal must move the family court to reconsider its final order or decree prior to divesting it of jurisdiction through the filing of a notice of appeal." In re Doe, 102 Hawai'i 246, 252, 74 P.3d 998, 1004 (2003). In the same case, the Hawai'i Supreme Court cited In re Doe, 3 Haw. App. 391, 394, 651 P.2d 492, 494 (1982), "noting that a party need not petition the court to reconsider its order or decree, but 'if he [or she] intends to appeal the decision, he [or she] must" move for reconsideration." Doe, 102 Hawai'i at 251-52, 74 P.3d at 1003-04. Ultimately, the supreme court in Doe concluded that "the procedural requirements of HRS § 571-54 were clearly not met because Minor did not move for reconsideration of the disposition of the case, no hearing to reconsider the disposition was held, and no final written

2

judgment, order, or decree containing the findings and conclusions on which the family court based its disposition was entered." Doe, 102 Hawai'i at 252, 74 P.3d at 1004. Accordingly, the supreme court concluded "we have no alternative but to dismiss this case for lack of appellate jurisdiction." Doe, 102 Hawai'i at 252, 74 P.3d at 1004.

In the instant case, involving a proceeding based upon section 571-11(1), as stated above, the State did not move to reconsider the December 17, 2018 order dismissing with prejudice the State's petition, and thus the family court did not hold a hearing on reconsideration and also did not enter any findings of fact and conclusions of law related to reconsideration as required under HRS § 571-54. Consequently, we lack appellate jurisdiction in this case.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-19-0000039 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 12, 2019.

Presiding Judge

Associate Judge

Associate Judge

3